IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3019 |
| | ) | |
| V. | ) | |
| | ) | |
| DOMINICK C. DIGIORGIO, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before me for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence ("Section 2255 motion") filed by Defendant, Dominick DiGiorgio (filing 85). The motion will be denied.

**I.    Background**

    Defendant entered a plea of guilty to a charge of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). Following his plea, Defendant filed an objection to the presentence investigative report arguing that the report failed to provide Defendant a two-level sentence reduction for the safety value pursuant to U.S.S.G. § 5C1.2 (filing 70). Defendant's objection was taken-up at the sentencing hearing held on December 18, 2008.

    At the hearing, Defendant's counsel, Michael Hansen, argued that Defendant was entitled to the safety value because Defendant, contrary to the Government's contention, had provided a truthful statement regarding his knowledge of the criminal activity. (Filing 76.) To resolve the dispute over the truthfulness of Defendant's statement, I stated that I would order the Government to hold another safety value interview, if Defendant so desired. (*Id*.) Accordingly, the court recessed to allow

Defendant to confer with Mr. Hansen regarding Defendant's willingness to participate in an additional interview. (*Id.*) Following the recess, Defendant advised the court that he did not wish to undergo another interview. (Filing 77.)

In his Section 2255 motion, Defendant contends that he received ineffective assistance of counsel because Mr. Hansen should have allowed him to respond to the allegations that he had not been truthful. (Filing 85.) Defendant maintains that if he had been given the opportunity to respond, it is probable that he would have qualified for the safety value. (*Id.*) Defendant's claim is clearly without merit.

## II.   Analysis

### 1.   Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this framework, Defendant has the burden of proving: (1) deficient performance on behalf of counsel, demonstrated by a showing that his attorney's performance fell "below the minimum standards of professional competence" and (2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently." *Alaniz v. United States*, 351 F.3d 365, 367 (8th Cir.2003) (citing *Strickland,* 466 U.S. at 690). Moreover, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689.

Defendant has made no credible allegations that he received ineffective assistance of counsel. Defendant has wholly failed to present any information to suggest that Mr. Hansen, his able and experienced lawyer, engaged in malpractice or that Defendant was prejudiced by anything Mr. Hansen did or did not do. To the contrary, Defendant's claim of ineffective assistance of counsel is refuted by the

record. The record is clear that Defendant was provided the opportunity to participate in an additional interview which may have qualified him for the safety value. (Filing 76.) Defendant declined this opportunity and withdrew his objection to the presentence investigative report. (Filing 77.) Defendant testified that he did not need additional time to consider his option to participate in another interview and that he understood that he would be subject to a mandatory 120-month sentence without the safety value. (*Id.*) The facts clearly show that Defendant's contention of ineffective assistance of counsel is without merit.

Accordingly,

IT IS ORDERED that the motion under 28 U.S.C. § 2255 (filing 85) is denied. A separate judgment will be issued.

January 13, 2010

                                        BY THE COURT:
                                        *Richard G. Kopf*
                                        United States District Judge